## BATES *vs.* BATES.

Summonses of garnishment were sued out and served, under an order for temporary alimony granted to a wife against her husband, pending an action for divorce. He claimed that the amounts due him from the garnishees were exempt, because they were due him for his daily, weekly and monthly wages as a school-

teacher; that he was employed at nine cents per day for first-class pupils, fifteen cents per day for second-class pupils, and eighteen cents per day for third-class pupils. It did not appear when or at what time the indebtedness of the garnishee was to be paid, whether daily, weekly or monthly:

*Held*, that there was no error in holding that the amounts due were subject to garnishment   The fact that defendant was a school-teacher, and that these sums were due him as such, does not exempt these debts from garnishment.

(*a.*) A decree for alimony stands upon a different basis from an ordinary debt.

September 9, 1884.

Garnishment.   Wages.   Alimony.   Husband and Wife. Before Judge Este   Gwinnett Superior Court.   December Adjourned Term, 1883.

Reported in the decision.

Wm. E. Simmons, for plaintiff in error.

C. H. Brand; F. F. Juhan, for defendant.

Blandford, Justice.

Emma Bates filed her libel for divorce against her husband, N. B. Bates, and pending said libel, temporary alimony was allowed her, which has never been paid by plaintiff in error. A total divorce was granted the wife, and the children of the marriage awarded to her. She sued out summonses of garnishment, which were served upon divers persons. N. B. Bates appeared and claimed that the several amounts due him from the garnishees were exempt from the operation of the garnishment laws, because they were due him for his daily, weekly and monthly wages as a school-teacher; that he was employed at nine cents per day for first-class pupils, fifteen cents for second-class pupils, and eighteen cents per day for third-class pupils.

The court held that the amounts due were subject to garnishment, and overruled the claim of plaintiff in error.

It nowhere appears from the record, when or at what time, whether daily, monthly or weekly, the indebtedness of the garnishees was to be paid to the plaintiff in error. The fact that he is a school-teacher, and that these sums are due him as such teacher, does not exempt these debts from process of garnishment. So we think the court decided right under these facts. But even if the court was wrong, yet the defendant in error had obtained a decree for alimony against plaintiff in error, upon which the summonses of garnishment issued in this case, which decree might have been enforced by the imprisonment of plaintiff in error, when he would have been totally deprived of all means of supporting himself, when the whole object of the exemption of debts from garnishment would have ceased. It appears that this claim of defendant in error occupies a different position from an ordinary debt, and we think that the debts due by the garnishees to plaintiff in error would be liable to process of garnishment founded on such a claim as that of defendant in error.

Let the judgment of the court below be affirmed.