### SMYTHE, executor, *vs.* BANKS.

Where permanent alimony was allowed a wife out of her husband's estate, and he died thereafter, it should have been continued to her, or a portion of his estate equivalent thereto should have been set apart to her, and that without regard to the condition of the estate or to the judgments, debts or other claims against it. Therefore, after the death of the husband, in a contest between the wife's decree for permanent alimony and a prior common law judgment, the former would take precedence.

(*a.*) This case differs from those in 52 *Ga.,* 394; 62 *Id.,* 392, in the fact that the husband was dead.

December 19, 1884.

Alimony. Husband and Wife. Judgments. Liens. Before Judge ADAMS. Chatham Superior Court. June Term, 1884.

Reported in the decision.

LAWTON & .CUNNINGHAM, for plaintiff in error.

RICHARDS & HEYWARD, for defendant.

BLANDFORD, Justice.

Louisa C. Banks, the wife of Charles Banks, who was living separate from her husband, filed her bill for alimony for herself and certain minor children living with her.

The plaintiff in error had brought an action against Charles Banks, and obtained a judgment for eleven thousand dollars; after this, Louisa C. Banks obtained a decree for alimony for eighteen hundred dollars a year. One B. B. Ferrell, as agent of Charles Banks, held a note for eleven thousand dollars secured by mortgage. Under the proceedings in the alimony suit, Ferrell was appointed a receiver to collect the money and hold the same subject to the order of the court. This money he collected. Charles, the husband of Louisa C. Banks, died. Louisa C. petitioned the court to direct the receiver to pay so much of the money in his hands as would discharge the decree for alimony then due her. The plaintiff in error, Augustine F. Smythe, surviving executor, filed his petition *pro interesse suo*, praying that the money in the hands of the receiver be paid to him in discharge of his common law judgment against Charles Banks, which was older than the decree in favor of Louisa C. Banks against Charles Banks for alimony. The court held that, inasmuch as Charles Banks was dead, that the money in the hands of the receiver should be first paid to Louisa C. Banks in discharge of her decree for alimony. This decision is excepted to, and error thereon is assigned to this court.

The decision of this court in 52 *Ga.*, 394, and 62 *Id.*, 392, decided that a common law judgment, rendered prior to a decree for alimony, was entitled to preference to be paid out of money raised from the sale of the husband's

property, to a decree for alimony rendered subsequent thereto in favor of the wife, but in those cases the husband was alive; in this case he is dead; and this makes a clear distinction between those cases, and this. Alimony is an allowance out of the estate of the husband made for the support of the wife when living separate from him. Code, §1736.

Section 1746 of the Code declares that a court of equity may, by decree, compel the husband to make such provision for the support of the wife and such minor children as may be in her custody.

It is further provided by section 1752 of the Code, after permanent alimony granted, upon the death of the husband, the wife is not entitled to any further interest in his estate in her right as wife, but such permanent provision shall be continued to her, or a portion of the estate equivalent thereto shall be set apart to her. In this section there is no saving in favor of creditors; and it would seem from this section alone, where permanent alimony has been allowed the wife out of her husband's estate, and he dies, that then the same shall be continued to her, and that a portion of his estate equivalent thereto shall be set apart to her, and this without regard to the condition of the estate as to judgment debts or other claims against the estate. It cannot be denied but that this decree for alimony is a provision for the support of the family most solemnly set apart by a court of full and competent jurisdiction.

Under §2553, paragraph 2, it is provided that a provision for the support of the family comes in as expenses of administration, which are to be paid in preference to all debts, and we have held during this term that the same are to be paid in preference to physician's bill and other expenses of the last illness.

So we hold that, when Charles Banks died, a provision for the support of his family, which is provided by a decree for alimony, took precedence of all claims against

his estate. And it must follow from these positions that the court below did right to order the money in the hands of the receiver to be paid upon the decree in favor of Louisa C. Banks.

Judgment affirmed.