ELIZABETH DUFRENE, EXECUTRIX, APPELLEE, V. ARTHUR JOHNSON ET AL., APPELLEES, IMPLEADED WITH MINNIE B. STEVENS, APPELLANT.

FILED MARCH 21, 1900. No. 9,111.

1. **Decree for Alimony:** LIEN UPON REAL ESTATE. A decree for alimony is a lien upon real estate the same as a judgment at law, and is enforceable in like manner.

2. **Record:** QUESTIONS NOT PRESENTED. Questions not presented by the record before the court for review will not be determined.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*Will A. Corson* and *Corson & Wakefield,* for appellants.

*Hall & McCulloch, contra.*

NORVAL, C. J.

This was a suit to foreclose a mortgage on block N; in Shinn's Second Addition to Omaha, executed in April, 1891, by Arthur Johnson and Minnie B. Johnson, at that time husband and wife. Subsequently to the giving of the mortgage, Minnie B. Johnson obtained a divorce from said Arthur, in the district court of Douglas county, and a decree for permanent alimony for a large sum of money payable in installments at various fixed dates, which decree for alimony became a lien on the premises in controversy, and junior to the mortgage lien. Minnie B. Johnson thereafter married one Stevens, and she intervened in the foreclosure suit, setting up her decree or judgment for alimony, and praying that she be awarded a lien for the payment thereof upon the mortgaged premises. A decree foreclosing the mortgage was entered, and to her was given a lien inferior to that of plaintiff, for the amount the court thereafter might find due upon her said alimony decree, which amount the court found it was unable at that time to determine. It was ordered that any surplus arising from the sale of the property over

and above the amount of the mortgage debt and costs should be paid into court to abide its further order in the premises. Minnie B. Stevens alone appeals.

It appears that subsequently to the term at which the decree of divorce and alimony was rendered, and prior to the institution of this suit, Arthur Johnson filed an application in said court praying a modification of the decree of alimony, which application is still pending in the district court, and is undetermined. The following propositions are contended for by the counsel for appellant:

First. The alimony decree, at the time of the trial of the foreclosure suit, was a valid lien on the mortgaged property, which had in nowise been suspended, set aside or modified.

Second. Said alimony decree could not be modified after the term at which it was rendered.

Third. Said alimony decree having been rendered by consent, could not be modified thereafter by the court without the consent of both parties thereto.

Fourth. That the district court has acquired no jurisdiction to hear and determine the application for modification of said alimony decree, for the reason that no summons or writ issued on said application has ever been served upon Minnie B. Stevens.

The last three propositions can not be considered at this time, for the obvious reason that there has been no modification of the alimony decree by the district court. Should the decree be modified, then, in a review of such action, in that case, said propositions could be properly presented to this court; and a decision invoked therein. They are not proper subjects of investigation at this time in this cause. The first argument of counsel for appellant, that the alimony decree is a lien on the real estate in dispute, is sound (*Nygren v. Nygren*, 42 Nebr., 408); and in the foreclosure suit the district court so found. But it has not adjudicated the amount of such lien, and until it has done so, appellant has not been prejudiced, since

she could enforce her decree by having execution issued thereon. The district court has made no determination of the question of lien against her, but merely reserved its decision on that point until a future time. Until it has decided adversely to the contention of appellant, she had better remain silent.

AFFIRMED.