## STOKES *v.* STOKES.

LUMPKIN, J.    1. Where counsel for the defendant in an application for temporary alimony entered upon the hearing of the case without objection, and after the plaintiff had closed her case and the defendant had submitted his answer and demurrer, the defendant being also present to testify in his own behalf, there was no error in refusing to grant a postponement in order to obtain and present an additional affidavit, on the ground that counsel had only been retained in the case the previous day, and had been prevented from making preparation on account of other work.

2. Upon the hearing of an application for temporary alimony, brought by a wife against her husband, the court may grant an order "allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." Civil Code, § 2457. Attorney's fees thus granted being treated as part of the temporary alimony, where the petition for such temporary alimony alleged that the wife had been compelled to employ counsel to bring her petition for alimony and divorce, and prayed that the court award her such temporary and permanent alimony out of the earnings and estate of her husband, the court could allow counsel fees, although there was no separate prayer for them eo nomine.

3. The bill of exceptions contains some of the evidence introduced on the hearing, and states that certain affidavits were also used. It does not set them out. In the record appear two affidavits made respectively by the persons named as affiants. There is no reference to them in the petition so as to indicate that they were attached as part of the pleadings, nor is there any brief of evidence or other proper certification to authorize them to be considered. In so far as the grounds of exception rest upon the sufficiency of the evidence, therefore, they can not be considered.    *Judgment affirmed.    All the Justices concur.*

Submitted July 18,—Decided December 15, 1906.

Temporary alimony.    Before Judge Wright.    Floyd superior court.    May 11, 1906.

*Henry Walker,* for plaintiff in error.