## KNOX *v.* KNOX.

The land of an aged and infirm person legally set apart to him as a homestead under the constitution and laws of this State is not subject to levy and sale under an execution issued upon a general judgment for permanent alimony, rendered subsequently to the setting apart of the homestead.

No. 955. JULY 10, 1918.

Claim. Before Judge Tarver. Murray superior court. April 8, 1918.

*Glenn & House* and *W. E. Mann,* for plaintiff.

*J. A. Longley,* for defendant.

GEORGE, J. In 1893 a homestead in sixty acres of land was duly set apart to the defendant in error as an "aged and infirm person." Thereafter he and the plaintiff were married. The wife obtained a general money judgment and decree for permanent alimony. An ordinary execution was issued against the defendant for the amount of the judgment, and was levied upon the exempted land. The defendant filed a claim to the land, and his claim was sustained. The sole question for decision is whether the homestead property is subject to the lien of the judgment for permanent alimony.

Section 3377 of the Code declares: "There shall be exempt from levy and sale by virtue of any process whatever, under the laws of this State, except as hereinafter excepted, of the property of . . every aged or infirm person, . . realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars; and no court or ministerial officer in this State shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against the property set apart for such purpose, including such improvements as may be made thereon from time to time, except for taxes, for the purchase-money of the same, for labor done thereon, for material furnished therefor, or for the removal of incumbrances thereon." In *Coulter* v. *Lumpkin,* 94 *Ga.* 225 (2), 228 (21 S. E. 461), it was held: "A judgment or decree for alimony has only the lien of ordinary general judgments for money, as to any property of the defendant not specifically dealt with and described in the judgment or in the pleadings." The judgment for alimony in this case is a general judgment for a fixed sum of money, and is not against the homestead land or any specific property. Property legally exempted from levy and sale under and by virtue of the homestead and exemption laws of this State can not be sold to enforce any judgment, execution, or decree, except for taxes, purchase-money, labor done upon the exempted property, material furnished therefor, or for the removal of incumbrances thereon. The lien of the plaintiff's judgment does not fall within any of the above exceptions, so as to authorize its enforcement against the exempted property. She can not have the homestead land sold under the judgment and decree for permanent alimony.

*Judgment affirmed. All the Justices concur.*