## In re WESTMORELAND.

(District Court, N. D. Georgia.  May 3, 1924.)

1. Divorce ⚖︎256—Schedule of husband's property filed by wife in divorce case did not create special lien on husband's realty, where not set apart to wife.

   Where husband's property is not set apart to wife, nor any charge made on it in wife's divorce suit the schedule of husband's property filed by wife under Civ. Code Ga. 1910, §§ 2955, 2956, 2975, did not create special lien on land.

2. Divorce ⚖︎243—Judgment awarding wife permanent alimony is judgment for alimony, with all incidents, though rendered by consent.

   Divorce judgment, awarding wife specified sum monthly as permanent alimony, with husband's consent, is a judgment for alimony, with all incidents, under Civ. Code Ga. 1910, §§ 2989–2991.

3. Divorce ⚖︎263, 269(2)—Alimony judgment enforceable by attachment for contempt, as well as by execution.

   Judgment for alimony is enforceable by attachment for contempt, as well as by execution.

4. Bankruptcy ⚖︎315(2), 421(5)—Alimony installments in arrears not proved as debt in bankruptcy nor discharged.

   Installment of alimony in arrears cannot be proved as a debt in bankruptcy, and is not discharged thereby.

5. Divorce ⚖︎256—Alimony judgment held lien on husband's realty for accrued installments, but not for future installments.

   Under Civ. Code Ga. 1910, §§ 5430, 5432, 5946, a judgment awarding wife specified sum monthly as permanent alimony was a lien on husband's realty for accrued installments, but not for future installments.

---

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Willis F. Westmoreland, bankrupt. Proceeding by trustee to fix claim in bankrupt's land and to confirm sale of land. On lien of alimony decree of Mrs. Eugenia S. Westmoreland. Extent of lien decreed. Sale confirmed conditionally.

Fuller & Bell and Kobak & Levy, all of Atlanta, Ga., for bankrupt. Walter S. Dillon, of Atlanta, Ga., for trustee.

Alston, Alston, Foster & Moise, of Atlanta, Ga., for Mrs. Eugenia S. Westmoreland.

SIBLEY, District Judge. The real estate of the bankrupt has been offered for sale under a previous order of the court, and bids received of $35,000, if sold free of the lien of Mrs. Westmoreland's alimony judgment, or $200 if sold subject thereto and subject to other admitted liens amounting to about $27,000. Which bid should be accepted depends on whether Mrs. Westmoreland has a valid lien, and whether it amounts to more or less than $7,800. The trustee, accordingly, has brought a proceeding to fix her claim, which, with a petition to confirm the sale, is now for decision.

The voluntary bankruptcy occurred January 16, 1924. On July 19, 1923, Mrs. Westmoreland obtained a decree of total divorce from the bankrupt, which fixed permanent alimony as follows:

"It is further ordered, the said defendant consenting. that the plaintiff be and she is hereby awarded as permanent alimony the sum of $200 per month for each and every month she may live, provided, should she remarry, said alimony shall thereupon cease."

The alimony fell in arrears, and on January 9, 1924, an execution was issued and recorded for $800, and levied on some of the property, which was surrendered without prejudice to the trustee. The trustee contends that both past and future installments of alimony were not provable debts, had no lien in bankruptcy, and that the installments making up the $800 accrued within four months of the bankruptcy, and any judgment lien that may have existed therefor was nullified by the bankruptcy. Mrs. Westmoreland claims a valid lien, not only for the $800, but for the present value of all future installments.

By Code of Georgia of 1910, § 2975:

"Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him."

Section 2954 provides that in all suits for divorce the applicant shall file a schedule of the property owned by each party at the time of the separation, and that "the jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise." By section 2955, no transfer of the scheduled property by the husband pending the suit, except bona fide in payment of pre-existing debts, shall pass title, so as to avoid the vesting thereof according to the final verdict. By section 2956, the verdict of the jury shall specify the kind of divorce granted and the disposition to be made of the scheduled property. These statutes contemplate alimony in property, but in Georgia, as elsewhere, alimony is often allowed in money, in a lump sum, or to be paid in installments.

[1] Mrs. Westmoreland duly scheduled the property in dispute, but the jury made no disposition of it, nor did the decree refer to it. The purpose of the schedule is to aid the jury intelligently to fix a proper allowance and to serve as a lis pendens notice to others in case the alimony should be allowed in or made a charge upon any of the property. When the husband's property is not set apart to the wife, nor any charge made upon it, the schedule goes for naught, and no special lien is put upon any of it. Russell v. Rice, 103 Ga. 310, 30 S. E. 37; Coulter v. Lumpkin, 94 Ga. 225, 21 S. E. 461; Almand v. Seamans, 89 Ga. 309, 15 S. E. 320. Mrs. Westmoreland has, therefore, no special lien, but only a personal judgment fixing her husband's duty of continued support and its monthly measure.

[2-4] Though rendered by consent, it is a judgment (23 Cyc. 729), and a judgment for alimony, with all of its incidents, relieving the husband of liability for his wife's debts and contracts (Code, § 2989), terminable by law as well as by its own terms by her death or remarriage to him or another (Code, § 2990), and depriving her of all rights as wife in his estate at death (Code, § 2991), but entitling her at his death to a superior position over heirs and other creditors in the disposition of his estate (Code, § 2991; Smythe v. Banks, 73 Ga. 303). It is enforceable by attachment for contempt, as well as by execution. Wilkins v. Wilkins, 146 Ga. 382, 91 S. E. 415. It is in Georgia a fixed obligation, that cannot be subsequently altered by the court. Gilbert v. Gilbert, 151 Ga. 520, 107 S. E. 490. Nevertheless even the installments in arrears cannot be proven as a debt in bankruptcy, nor are any discharged thereby. Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265.

[5] But, if the decree has a valid lien, it must be recognized and provided for by the bankruptcy court in undertaking to administer property free therefrom. Though without special lien as an alimony allowance, it has the general lien of a money judgment. Coulter v. Lumpkin, 94 Ga. 225, 21 S. E. 461; Dufrene v. Johnson, 60 Neb. 18, 82 N. W. 107. By Code of Georgia, § 5430, a decree for money or for regular installments of money is enforceable by execution, and by section 5432 has the lien of a judgment. By section 5946:

"All judgments * * * shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code."

As against the trustee's title, which is no better in this respect than the bankrupt's, and as against the trustee's lien, which is itself only that of a junior judgment, no execution or record thereof was requisite to complete the judgment lien by Georgia law; Griffith v. Posey, 98 Ga. 475, 25 S. E. 515. The judgment being more than four months old at the time of bankruptcy was unaffected by it.

As to the amount of the lien, only the installments which had accrued when by bankruptcy the title of the property passed by operation of law from the bankrupt, can be regarded. Future installments were then not only not due, but not owing, and might never be. It could not be told what number of installments would accrue, nor whether any would. No gross sum had been adjudged as owing, with payment

in deferred installments, but only a duty had been declared, the performance of which was doubly conditioned on the life and nonmarriage of Mrs. Westmoreland from month to month. Her chance of life might be estimated by the tables of mortality, but not the chance of her remarriage. Such uncertainties are fatal to a claim of judgment lien for future installments, and fatal even to an effort to prove such a debt in bankruptcy. Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084. Because this uncertainty existed when the decree was signed as to all installments, it has been held by some courts that the decree could never carry a lien for any. Thus Mansfield v. Hill, 56 Or. 400, 107 Pac. 471, 108 Pac. 1007. On the other hand, some courts have not only held the existence of a lien from the date of the decree, but that it was good for all future as well as past due installments, to the end that the husband might not defeat alimony by conveying his property. Goff v. Goff, 60 W. Va. 9, 53 S. E. 774, 9 Ann. Cas. 1083; Isaacs v. Isaacs, 117 Va. 730, 86 S. E. 105, L. R. A. 1916B, 648.

In Georgia a judgment lien attaches to all property acquired by the defendant in the future and such a doctrine would put Westmoreland, not only where he could not sell this realty, but could not engage in any form of trading or manufacture, because he could not pass good title to that which he came to own. Nor could he relieve himself by paying off the hindering lien. Such a situation would be contrary to the general policy of the law, and to avoid it a strained construction has been given to the Georgia statute preventing an alienation pending the divorce. Singleton v. Close, 130 Ga. 716, 720, 61 S. E. 722. The failure in this case to charge the alimony on any of the scheduled property suggests that court and parties intended that the property be free, except as installments in arrears might be enforced by execution against the property, or as the defendant might by attachment of his person be required to account for any sold.

Analogizing the accrual of such installments of alimony to the accrual of interest, the right to which arises only as time passes, yet takes lien from the date of the judgment, the New Jersey court has very reasonably held that the lien of the alimony judgment takes dignity from the date of the decree, but takes quantity only by the accrual of the installments. Stoy v. Stoy, 41 N. J. Eq. 370, 2 Atl. 638, 7 Atl. 625. This view I adopt, and hold that Mrs. Westmoreland has a valid judgment lien, dating from July 19, 1923, but only in an amount that had by accrual become certainly owing on January 14, 1924, when by bankruptcy the property, by operation of law, ceased to be her husband's. Subsequent accruals cannot attach to it. Her lien will be established accordingly, and the bid of $35,000 confirmed after 10 days, unless in the meanwhile she shall modify her bid of $35,100 so as to pay cash for the excess over the liens assumed and the sum allowed for hers.