## CALDWELL v. CENTRAL OF GEORGIA RAILWAY CO.

Under the ruling of this court in *Bates* v. *Bates,* 74 *Ga.* 105, the exemption from garnishment provided by the act of 1914 (Acts 1914, p. 62) is ineffective as against a decree for alimony.

No. 3990. JUNE 10, 1924. REHEARING DENIED JUNE 20, 1924.

Question certified by Court of Appeals (Case No. 14668).

*Walter DeFore* and *James C. Estes,* for plaintiff.

*Turpin & Lane,* for defendant.

RUSSELL, C. J. The Court of Appeals asked instruction of this court upon the following question: "Should the statutory exemption from garnishment, set out in section 5298 of Park's Ann. Code, be allowed in a garnishment proceeding based upon a judgment for temporary alimony and attorney's fees for a wife and child, which judgment is for a fixed sum and not against any specific property? See, in this connection, *Bates* v. *Bates,* 74 *Ga.* 105; *Coulter* v. *Lumpkin,* 94 *Ga.* 225 [21 S. E. 461]; *Knox* v. *Knox,* 148 *Ga.* 253 [96 S. E. 337]."

We are of the opinion that the question should be answered in

the negative.  Consequently the exemption provided in § 5298 of Park's Ann. Code has no application when it comes in conflict with a garnishment proceeding based upon a judgment for temporary alimony for the support of the wife and child of the defendant in garnishment.  The case of *Bates* v. *Bates,* 74 *Ga.* 105, has never been criticised or overruled by this court.  It is the judgment of a full bench.  The facts of that case were practically identical with those of the case at bar.  It was there held that "there was no error in holding that the amounts due were subject to garnishment.  The fact that defendant was a schoolteacher, and that these sums were due him as such, does not exempt these debts from garnishment."  And that "A decree for alimony stands upon a different basis from an ordinary debt."  It is upon the last ruling especially that we base our ruling in this case.  All laws exempting any portion of one's earnings from the process of garnishment are primarily based upon the necessity of exempting in behalf of a debtor, even against his just debts, something with which to care for his family or dependents as well as himself.  This is the only principle upon which a debtor should be permitted to withhold money within the power of the court from a creditor, the justness of whose claim is undisputed.  Our attention is called to the change in the garnishment laws effected by the act of 1914 (Acts 1914, p. 62) whereby all persons are exempted from the process of garnishment on $1.25 per day of their daily, weekly, or monthly wages and on 50 per cent. of the excess thereof.  Conceding the fullest scope to the use of the word "all," this does not raise any conflict with the ruling in the *Bates* case, supra. Necessarily, as there held, "a decree for alimony stands upon a different basis from an ordinary debt."  In a garnishment proceeding the garnishee is unaffected by the court's disposition of the fund which he admits he owes or holds for the defendant, and the only persons really affected by the court's award of the fund are the plaintiff and the defendant in garnishment.  When the plaintiff in the garnishment proceeding is a wife or a wife and helpless child, for whom provision has been made by a court of competent jurisdiction, although the judgment for alimony has only the lien of an ordinary judgment, the older law allowing alimony is still of force in undiminished vigor, notwithstanding the use of the word "all" in the act of 1914, supra, in which no

reference is made to the pre-existing law upon the subject of alimony.

Nothing ruled in *Coulter* v. *Lumpkin,* 94 *Ga.* 225, or *Knox* v. *Knox,* 148 *Ga.* 253 (supra), is contrary to or prevents our present ruling. In the *Coulter* case the only issue was a contest between liens; and it was held thát a mortgage taken in good faith by a creditor with no "notice of a fraudulent intent or reasonable ground for suspicion, upon property not embraced in the pleadings, to secure a bona fide pre-existing debt, would have priority over the judgment or decree for alimony," obtained prior to the rendition of that judgment. It is plain that in that case the single question was that of the comparative priority of two liens. The point raised in this case is the comparative validity of an exemption from garnishment asserted by a husband in order to relieve himself from a decree of the court ordering him to support his wife and child. The case of *Knox* v. *Knox,* supra, is one in which it was sought to enforce a decree for alimony by the sale of a homestead which had been set apart to the husband before his marriage, as "an aged and infirm person." The property was held not subject to the lien of the judgment for alimony, upon the single ground that the lien of the plaintiff's judgment did not fall within the exception allowing the sale of homestead property, and that no homestead property can be sold except for these specific reasons provided by law. As said by the court: "Property legally exempt from levy and sale under and by virtue of the homestead and exemption laws of this State cannot be sold to enforce any judgment, execution, or decree, except for taxes, purchase-money, labor done upon the exempted property, material furnished therefor, or for the removal of encumbrances thereon." Nothing in either the *Coulter* case, or the *Knox* case, in any way affects the ruling in the older case of *Bates,* which we hold to be well supported by reason and authority. Consequently the question of the Court of Appeals must be answered in the negative.

                                        *All the Justices concur.*