## BELL *v.* GEORGIA MILITARY COLLEGE *et al.*

1. By statutes it was provided that at the monthly session of the county courts they may entertain jurisdiction of issues on distress warrants, and of suits in which the amount of the principal or of damages claimed does not exceed $100, etc., that in suits to the monthly session or term the original petition shall be filed with the clerk of the court within 15 days, and service thereof shall be made 10 days before said session,

and such cause, unless continued, shall be tried at the first term after suit begun; that the trial and judgment in said court shall be by the court with a jury of six to be selected from a panel of 12, each side being entitled to three strikes when demanded by either party 10 days before trial term, said panel to be the same as provided in criminal cases in said courts; and that the practice and mode of procedure in the county court, and the effect of its proceedings, records, and judgments, shall be the same as in the superior court, unless otherwise provided. Acts 1878-9, p. 132; Acts 1893, p. 22; Park's Ann. Code, §§ 4775(y), 4775(dd), 4775(ee), 4775(ii). Construing together the acts as set out above, the first question propounded by the Court of Appeals must be answered in the affirmative; that is, that the judge of a county court has authority to direct a verdict in a case where the amount involved is less than $100, and the suit is filed to the monthly session or term of the court.

2. Under the facts stated in question 2, the Georgia Military College is a public institution of educational character falling within the meaning of the decision in the case of *Hightower* v. *Slaton*, 54 *Ga.* 108 (21 Am. R. 273), which held in effect that the salary of a teacher employed by the board of education of the City of Griffin was not subject to process of garnishment.

3. Under the Civil Code (1910), § 5298, as amended by the act of the General Assembly .approved August 14, 1914 (Acts 1914, p. 62), the salary of a teacher in a public institution of this State is not subject to the process of garnishment, irrespective of whether the salary is to be paid daily, weekly, or monthly, or at the end of the scholastic year. *Hightower* v. *Slaton*, supra.

No. 4081.     JULY 18, 1924.

The Court of Appeals requested (in Case No. 14970) instruction from the Supreme Court upon the following questions:

"1. Under the provisions in Park's Annotated Code, §§ 4775(dd), 4775(ee), and 4775(ii), has the judge of a county court authority to direct a verdict in a case where the amount involved is less than $100 and the suit is filed to the monthly session or term of the court?

"2. When viewed in the light of the act of the General Assembly establishing the Georgia Military College (Acts of 1878-9, p. 91), and the several acts amendatory thereof (Acts of 1887, p. 821; Acts of 1900, p. 345; Acts of 1920, p. 153; Acts of 1922, p. 110), and the fact that the school, which is "divided into grades and college classes," charges a tuition fee of $125 to all out-of-town (of Milledgeville) students, and a library and athletic fee, aggregating $12, to *all* college students, and the fact that the county school superintendent, at the direction of the county board of education, delivers to the treasurer of the board of trustees of the

school a proportionate part of the tax money raised for the common schools of the county, but, in calculating the amount to be turned over to the school, out-of-town students are not considered, and the further fact that the trustees of the school employ all the teachers for the institution, and that the teachers are exclusively under their control, and neither the president of the school nor its trustees make any report to the county school superintendent, or to the board of trustees of the University of Georgia, of which the school is a branch, is such college or school a public school institution of the State, within the meaning of the decision in *Hightower* v. *Slaton,* 54 *Ga.* 108, which holds, in effect, that the salary of a teacher in a public school institution of the State is not subject to the process of garnishment?

"3. If the immediately preceding question be answered in the affirmative, then an answer to the following question is requested: Under section 5298 of the Civil Code of 1910, as amended by the act of the General Assembly approved August 14, 1914 (Acts 1914, p. 62), is the salary of a teacher in a public institution of this State subject to the process of garnishment, irrespective of whether the salary is to be paid daily, weekly, monthly, or at the end of the scholastic term?"

*Sibley & Sibley,* for plaintiff.

*Allen & Pottle, E. R. Hines,* and *George S. Carpenter,* for defendants.

HILL, J. Under the provisions of the act of 1878 (Acts 1878-9, p. 91), "the State House and square, and the executive mansion and premises, and the penitentiary square and appurtenances, at Milledgeville, are hereby committed and loaned to the trustees of the University of Georgia," for the purposes stated in the act. The trustees were authorized to organize "on the above-named property, or part thereof," the "Middle Georgia Military and Agricultural College," which should be "a department of the University of Georgia." Section 3 of the act provided that tuition in the college should be free to all white males and females, provided a matriculation and library fee not exceeding ten dollars might be exacted, and grades of scholarship might be prescribed by the faculty under the direction of the trustees, as conditions of admission, etc. Under the act of 1887 (Acts 1887, p. 821), the Mayor and Aldermen of the City of Milledgeville were authorized and

empowered to submit to the qualified voters of the city the question
of taxation for the support of "the Middle Georgia Military and
Agricultural College and Eddy School," to levy and collect taxes
therefor, etc.   Later the legislature (Acts 1889, p. 10, section 5)
appropriated the "Executive Mansion" and its grounds, contain-
ing two acres, and the land and buildings known as the "Peni-
tentiary Square," containing twenty acres, for the purposes and
benefit of the Girls' Normal and Industrial College.   Under the
act of 1890 (Acts 1890, p. 345, sec. 63), providing a new charter
for the City of Milledgeville, it was provided that the Mayor and
Aldermen shall have power and authority to make such annual
appropriation as they may deem necessary for the support of the
"Middle Georgia Military and Agricultural College  .  .  located
in said city, and for the support of such school system as may be
established in lieu of said school and college, or in addition there-
to," etc.

In 1920 (Acts 1920, p. 153), the legislature passed an act "to
give additional powers and authority to the local board of trustees
of the Georgia Military College, formerly the Middle Georgia
Military and Agricultural College, at Milledgeville, Georgia."
Under the above-recited act the local board of trustees were au-
thorized "to determine the policy and shape the conduct of said
college; and the said local board shall have authority to appoint
a treasurer who shall receipt, hold and disburse the funds of said
school.   Said board shall have authority to fix compensation of
all officers of the board, the professors, teachers, and employees of
same, receive donations, bequests, and contributions to said institu-
tion; to sign, execute, and deliver in the name of said college all
bonds that may be required of said college or its officers, or said
trustees; to execute and deliver in the name of said college all
contracts that may be needed or necessary; and to borrow money,
execute and deliver the notes of said college, and to secure the
same; and generally to do any and everything usual or necessary
in the administration of said school, or arises in the management
and progress of the institution."   In 1922 (Acts 1922, p. 110),
the legislature passed an act to provide a local board of trustees
for the Georgia Military College, and to prescribe the manner of
electing members of the board, to fix their term of office;  .  .  to
define their powers and duties, and upon their election and qualifi-

cation that the then existing board be abolished, etc. It was provided in the act that "the board of trustees of Georgia Military College shall have the right to elect all teachers and other employees of said Georgia Military College, and fix their compensation." It was further provided that the legal title to all the property of the Georgia Military College then in its possession, or thereafter to be acquired, should be in the corporate body "hereinbefore created," and "the officers of said corporation hereinbefore provided for shall take care to provide for the protection, insurance, and safeguarding of all of said property."

Under the facts stated in question 2 propounded by the Court of Appeals, we are of the opinion that the Georgia Military College is a public institution of educational character falling within the meaning of the decision in the case of *Hightower* v. *Slaton, 54 Ga.* 108 (21 Am. R. 273), which held in effect that the salary of a teacher employed by the board of education of the City of Griffin, was not subject to process of garnishment. And see, to the same effect, *Born* v. *Williams, 81 Ga.* 796 (7 S. E. 868). The case of *Bates* v. *Bates, 74 Ga.* 105, 106, is distinguishable from the cases cited above and from the present case. The mere fact that some out-of-town pupils attended this college, paid tuition and a matriculation fee, etc., would not render the school a private institution. Other headnotes require no elaboration.

*All the Justices concur.*