## HANNAH *v.* HANNAH.

No. 13336.   November 13, 1940.

*J. W. Dennard,* for plaintiff in error.   *Max E. Land,* contra.

Reid, Chief Justice.   The question presented is whether "benefit

payments" made and to be made to the plaintiff in error by the United States Government by reason of the death of a son by his first wife while in military service during the world war, and property purchased with such "benefit payments," can properly be considered by the judge as available resources of the plaintiff in error, in awarding his second wife temporary alimony. The plaintiff in error is seventy-nine years of age, and physically unable to work. He is paid $45 per month by the United States Government, and out of these payments he has saved approximately $100 which he has "in the post-office at Rebecca, Ga." The only property he owns, other than a small amount of personal property relinquished to his wife, is a truck purchased with his "benefit payments," which he uses for transportation of himself. The parties were married thirty-two years ago, and have four children, three of whom are still minors. The judge awarded $15 per month temporary alimony and $25 attorney's fees.

This much explanation of the contention by the plaintiff in error needs be made: The decree does not seek to attach any particular property, and of course no such contention is made. The insistence is that the "benefit payments" made to the plaintiff in error, his savings therefrom, and his property purchased therewith are exempt from the claims of creditors and from "attachment, levy, or seizure by or under any legal or equitable process whatever," under the acts of Congress providing for their payment, and, since he is physically unable to work and owns no property except of the character enumerated, that the necessary effect of the judgment awarding temporary alimony and attorney's fees is to coerce payment out of such exempted funds and property. It is argued that if the exempted funds and property be eliminated from consideration in the present case, as they should be, it would appear that he is physically unable to work, has no property or income for the payment of the alimony, and that the judge abused his discretion in awarding temporary alimony and attorney's fees.

1. The grant or denial of temporary alimony is a matter for the discretion of the judge. Code, § 30-203. In passing judgment it is proper that he consider, among other things, the available resources of the husband from which alimony might be paid. *Carlton v. Carlton*, 44 *Ga.* 216. "Available resources" means either the capacity to labor and earn or the ownership of property. *Hall* v.

*Hall,* 185 *Ga.* 502 (195 S. E. 731) ; *Jansen* v. *Jansen,* 160 *Ga.* 618 (128 S. E. 902) ; *West* v. *West,* 155 *Ga.* 366 (116 S. E. 540); *Johnson* v. *Johnson,* 131 *Ga.* 606 (62 S. E. 1044). The last expression of Congress on the question presented is the act of August 12, 1935, title 38, chapter 10, § 454a, as follows: "Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments." This section repealed title 38, c. 2, § 54, R. S. 4747, act of March 3, 1873, and title 38, c. 10, § 454, act of June 7, 1924. It is now clear that "benefit payments" made under any of the laws relating to veterans are exempt from the claims of creditors, and are not "liable to attachment, levy, or seizure by or under any legal or equitable process whatever" both before and "after receipt by the beneficiary." This operated to change the character of exemption granted by § 54, supra, which protected payments only before their receipt by the beneficiary (McIntosh v. Aubrey, 185 U. S. 122, 22 Sup. Ct. 561, 46 L. ed. 834; Tully v. Tully, 159 Mass. 91, 93, 34 N. E. 79; In re Ferguson's Estate, 140 Wis. 583, 123 N. W. 123, 17 Ann. Cas. 1189; Wheeler v. Wheeler (N. J. Ch. 1912), 94 Atl. 85; Bailey v. Bailey, 76 Vt. 264, 56 Atl. 1014, 65 L. R. A. 332, 104 Am. St. R. 935), and to clarify in this · respect the character of exemption provided in § 454. Lawrence v. Shaw, 300 U. S. 245, 249 (57 Sup. Ct. 443, 81 L. ed. 623, 108 A. L. R. 1102) ; U. S. Trust Co. v. Helvering, 307 U. S. 57, 59 (59 Sup. Ct. 692, 83 L. ed. 1104). While the provision of § 454a protects funds after their receipt, and even after their deposit in a bank (Lawrence v. Shaw, supra), property, real or personal, although purchased with such funds, does not fall within the exemption. Carrier v. Bryant, 306 U. S. 545 (57 Sup. Ct. 707, 83 L. ed. 976). For a similar ruling construing sec. 454, see Trotter v. Tennessee, 290 U. S. 354 (54 Sup. Ct. 138, 78 L. ed. 358), disapproving decisions of this court and the Court

of Appeals to the contrary. *Rucker* v. *Merck,* 172 *Ga.* 793 (159 S. E. 501); *City of Atlanta* v. *Stokes,* 175 *Ga.* 201 (165 S. E. 270); *Payne* v. *Jordan,* 36 *Ga. App.* 787 (138 S. E. 262). Accordingly, the plaintiff in error can in no event claim exemption of his personal property, though it was purchased with payments made to him by the United States government. He testified that he owned a truck of the approximate value of $200, which he bought with payments made him by the government, and which he used for his own personal needs. It would not seem incompatible with the rights of plaintiff in error, and therefore an abuse of discretion on the part of the judge in granting temporary alimony, had the award been based solely on his ownership of this property, and his ability to realize therefrom by sale sufficient sum to meet the periodic payments. But we do not hesitate to go further and rule that section 454a was not designed to protect benefit payments from a claim of the character of alimony, and this of course includes a reasonable attorney's fee, which stands in such case on the same footing as temporary alimony. *Sprayberry* v. *Merk,* 30 *Ga.* 81 (76 Am. D. 637); *Stokes* v. *Stokes,* 127 *Ga.* 160 (56 S. E. 303).

This view is sustained by the adjudicated cases, with but few exceptions. In Hollis *v.* Bryan, 166 Miss. 874 (143 So. 687), it was held that a demand for alimony by the wife of an incompetent veteran was not within the terms of the Federal statute (§ 454, supra) exempting soldiers' compensation from creditors. "We are of the opinion," the court said, "that the term 'creditors' used in the Federal act has reference to an ordinary contractual obligation by which creditors and debtors are created, and that a wife is not a creditor within the meaning of the statute; and that therefore a demand for alimony does not come within the terms of the statute exempting soldiers compensation from the claims of creditors. . . We do not think it was the purpose of the government to prevent the States from coercing payment of a public duty by a disabled soldier by holding him to apply, to the needs of his wife and children, a part of the funds possessed by him, although derived from the government. We can not assume that the Federal government intended to throw this protection around the disabled soldiers, so as to enable them to refuse to discharge their duty to support their wives and children." Whether the exemption should be confined solely to "contractual obligations by which debtors and creditors are

created," as stated in that decision (see *Westmoreland* v. *Powell,* 59 *Ga.* 256; *Banks* v. *McCandless,* 119 *Ga.* 793, 47 S. E. 332), need not be here pursued. We view the case as sound on the principle that alimony is not such a debt, or claim, as was intended to be exempted by the statute. Other cases to the same effect are: In re Gardner, 220 Wis. 493 (264 N. W. 643); Stirgus *v.* Stirgus, 172 Miss. 337 (160 So. 285); Stone *v.* Stone, 188 Ark. 622 (67 S. W. 2d, 189); In re Flanagan, 31 Fed. Supp. 402. It is true that section 454, which was considered in the Hollis case, supra, provided that the payments should be exempt from the "claim of creditors" and that section 454a contains this and the additional language, "and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever." We do not, however, view this additional language as extending the exemption beyond the claims of creditors and to thereby cover a claim of the character of alimony. In accord with this view, the district court of the United States for the District of Columbia, held, In re Flanagan, supra, that the provisions of sec. 454a did not operate to exempt payments from a claim of alimony, citing Schlaefer *v.* Schlaefer, 71 App. D. C. 350 (112 Fed. 2d, 177). The Schlaefer case was an actoin by a divorced wife for sequestration of her husband's property, including certain payments being made to him under disability-insurance policies, for the satisfaction of her claims of alimony. The defendant claimed exemption of the disability benefits under 16a of the life-insurance act for the District of Columbia, act of Congress of June 19, 1934, c. 672, 48 Stat. 1175, D. C. Code (Supp. LV 1938, title 5, section 220p), providing as follows: "Exemption of disability insurance from execution. No money or other benefit paid, provided, allowed, or agreed to be paid by any company on account of the disability from injury or sickness of any insured person, shall be liable to execution, attachment, garnishment, or other process, or to be seized, taken, appropriated, or applied by any legal or equitable process, or operation of law, to pay any debt or liability of such insured person, whether such debt or liability was incurred before or after the commencement of such disability; but the provisions of this section shall not affect the assignability of any such disability benefit otherwise assignable, nor shall this section apply to any money income disability benefit in an action to recover for necessaries contracted for after the

commencement of the disability covered by the disability clause or contract allowing such money income benefit." Though the language of the statute is broad, indeed as much so as section 454a, it was held in a well-considered opinion not to exempt disability payments from a claim of alimony.

The principle underlying the above cited cases has been approved by this court. In *Bates* v. *Bates, 74 Ga.* 105, it was held that a statute exempting daily, weekly, and monthly wages from garnishment did not apply to a claim of the character of alimony. The court observed that "A decree for alimony stands upon a different basis from an ordinary debt." This ruling was followed in *Caldwell* v. *Central of Ga. Ry. Co., 158 Ga.* 392 (123 S. E. 708). We are aware of the decision in *Knox* v. *Knox, 148 Ga.* 253 (96 S. E. 337), where it was held that "The land of an aged and infirm person, legally set apart to him as a homestead under the constitution and laws of this State, is not subject to levy and sale under an execution issued upon a general judgment for permanent alimony, rendered subsequently to the setting apart of the homestead." This case was distinguished in the *Caldwell* case, the court pointing out that in the *Knox* case "The property was held not subject to the lien of the judgment for alimony, upon the single ground that the lien of the plaintiff's judgment did not fall within the exception allowing the sale of homestead property, and that no homestead property can be sold except for these specific reasons provided by law." Our judgment is that the ruling in the *Knox* case should be confined to the particular facts there presented, and that it does not by analogy require a different view of the Federal statute than that which we have already expressed. In the present case the claim for alimony is not against a veteran, but is against the dependent father of a deceased veteran by the father's second wife, who was not the mother of the deceased veteran. All of the cases cited, except Stirgus *v.* Stirgus, involved a claim for alimony against a veteran. We are of the opinion, nevertheless, that the principle of those decisions is equally applicable here. The facts presented in Stirgus *v.* Stirgus were substantially the same as in the present case. A conclusion that Congress on the one hand did not intend to exempt benefit payments made to a veteran from a claim of alimony, but on the other did intend to exempt benefit payments made to a dependent father of a deceased veteran from such a claim,

is not sustainable in our view of the statute. The character of the claim is the same in both instances. The duty is equally imposing. The award in the present case appears to be reasonable. The judgment is *Affirmed. All the Justices concur.*