# HULING v. HULING.

No. 14142.   November 10, 1942.

*Eugene A. Epting,* for plaintiff.

*C. McNeill Leach* and *J. C. Miner,* for defendant.

HEWLETT, Justice. While the judgment in Clarke County (referred to in the statement of facts) was not void ab initio, nevertheless the petition should have been entertained as one in equity, seeking to cancel the judgment as having become satisfied by payment of the amount recited in the record. The statutory remedies of claim, as provided for under the act of 1871-72, p. 50, section 1 (Code, § 46-402), and under the act of 1877, p. 22 (§ 39-801), are given only to a person not a party to the proceeding upon which the garnishment or execution is based. *Zimmerman* v. *Tucker,* 64 *Ga.* 432, 434. The claim of exemption of wages from garnishment, based upon the Code, § 46-208, is ineffective against a decree for alimony. *Bates* v. *Bates,* 74 *Ga.* 105; *Caldwell* v. *Central of Georgia Railway Co.,* 158 *Ga.* 392 (123 S. E. 708). Nor will an affidavit of illegality reach this situation, because at the time the garnishment proceeding was instituted no execution had been issued on the judgment upon which to base it. Code, § 39-1001; *Tanner* v. *Wilson,* 183 *Ga.* 53, 57 (187 S. E. 625). While equity will not enjoin garnishment merely because of annoyance by repetition (*Raines* v. *Raines,* 138 *Ga.* 790 (6), 76 S. E. 61; *Banda* v. *Banda,* 192

*Ga.* 5 (2), 6, 14 S. E. 2d, 479), since it is based upon a judgment which upon the allegations of the petition was subject to be canceled, the garnishment will be arrested pending the proceeding to cancel. Since there is no adequate and complete remedy at law, for the reasons hereinabove stated, equity will enjoin enforcement of a judgment and decree its satisfaction where it has been paid.

2. Under the Code, § 3-202, the venue was properly laid in Fulton County, for the reason that it appears from the petition that the defendant, against whom substantial relief was prayed, was either a resident of Fulton County or a non-resident, and that service had been perfected upon her, and that the petition was seeking an injunction to stay proceedings in the county where they are pending, no relief being prayed as to matters not included in the pending litigation in Fulton County.

3. Applying the principles stated above to the facts of the instant case, the judge erred in dismissing the action on general demurrer.    *Judgment reversed.    All the Justices concur.*