WILSON v. SAWYER.

Opinion delivered June 4, 1928.

*Harris, Hanley & Wilson,* for appellant.

*Walter M. Purvis,* for appellee.

SMITH, J. Appellant brought suit against Thomas M. Sawyer, a disabled World War Veteran, and, as an incident thereto, sued out a writ of garnishment against the Bank of Melbourne and J. W. Hall. The bank answered that it had on deposit the sum of $681.39 belonging to Sawyer, which had been deposited for his benefit in the name of J. W. Hall as clerk of the probate court. Hall answered that he had on deposit $681.39 with the bank, and a note for $500 and another for $100 which had been taken by plaintiff as guardian for Sawyer, pursuant to § 5059, C. & M. Digest, all of which had been turned over to him by plaintiff when plaintiff's final settlement of his guardianship of Sawyer had been approved and plaintiff discharged as guardian, and that he held the notes to and for the use of Sawyer.

A motion was filed to quash the garnishment, upon the ground that the money which had come into Wilson's hands, a portion of which he had invested in the notes, had been paid to him by the United States Government on account of the disability of his ward. In support of this motion Wilson was called as a witness, and testified that letters of guardianship were issued to him in 1924, and that he had received from the Veterans' Bureau, on account of his ward, the sum of $3,280, and that he had made full and final settlement of his guard-

ianship and had been discharged, and had paid the balance found by the probate court to be in his hands to J. W. Hall, clerk of the court, under the order of the court, for the account of his former ward.

Upon hearing this testimony the court quashed the garnishment, and in so doing declared the law as follows:

"The court will dissolve this attachment. I do not think these funds can be attached until they come into the hands of Tom Sawyer, and they have never been in his hands. They are money derived from the Federal Government, and, under the Federal laws, those funds cannot be garnished until they come into the hands of the party entitled to receive, under the law. These funds were paid by the United States Government to Mr. Wilson, as guardian. He has been discharged, and the funds have been paid over to the clerk of the probate court, and the funds are now in the hands of the register of the court, with instructions to turn them over to Tom Sawyer, and, until they come into the hands of Tom Sawyer, they cannot be attached. The petition to quash the garnishment and release the funds will be sustained."

The court was correct in the declaration of law made, except that the funds were not subject to seizure even after they had come into the hands of the ward.

In 28 C. J., page 187, § 227, of the chapter on Garnishment, it is said: "But, after a pension or bounty has been paid to, and received by, the beneficiary, it is subject to garnishment in the hands of a third person to the same extent as other property, unless exempted by statute."

The funds here involved are exempted by the statute under which they were allowed and paid to Sawyer.

The act known as the "World War Veterans' Act, 1924" (June 7, 1924, c. 320, § 1, 43 Stat. 607), makes provision for compensation and treatment for disabled veterans, this being part 2 of the act; for their insurance, this being part 3, and for vocation rehabilitation, this being part 4 of the act. By § 22 of the act it is provided: "That the compensation, insurance, and maintenance

and support allowance payable under titles 2, 3 and 4, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under titles 2, 3 or 4; and shall be exempt from all taxation; provided, that such compensation, insurance and maintenance and support allowance shall be subject to any claim which the United States may have, under titles 2, 3, 4 and 5, against the person on whose account the compensation, insurance or maintenance and support allowance is payable* * *.''

In the case of *Payne* v. *Jordan*, 36 Ga. App. 787, 138 S. E. 262, it was held by the Court of Appeals of Georgia that a house purchased with proceeds only of war risk insurance payable under the War Risk Insurance Act of Congress, approved October 6, 1917, was not subject to execution. In a case of the same style, 152 Ga. 367, 110 S. E. 4, it was held by the Supreme Court of Georgia that funds actually paid by the government to the beneficiary of an insurance policy, and by her deposited in a bank, are not subject to garnishment.

In the case of *Succession of Geier*, 99 Sou. 26, the Supreme Court of Louisiana held that the heirs-at-law, who received insurance from a deceased service man, under the provisions of the War Risk Insurance Act, received the money as beneficiaries, and not as heirs, and that the money so received was not subject to the payment of an inheritance tax under the laws of that State taxing the right to inherit.

The World War Veterans' Act of 1924 contains substantially the same exemption from seizure as is found in the War Risk Insurance Act, and the cases cited which construe the latter act are applicable here.

We think the manifest purpose of the legislation making provision for World War Veterans was to devote the benefactions there provided to the sole use of the beneficiaries, and that the same should not be subject to the demands of creditors, even after the money had

come into their hands or was held by another for their benefit.

The writ of garnishment was therefore properly quashed, and the judgment of the court so ordering is affirmed.