STONE *v.* STONE.

4-3287

Opinion delivered January 22, 1934.

*Partlow & Rhine* and *Cleveland Cabler,* for appellant.
*Jeff Bratton,* for appellee.

JOHNSON, C. J. The sole question presented for consideration on this appeal is the interest the wife takes in money received by her husband from the United States Government as a pension by reason of services as a soldier in the World War. On August 27, 1932, appellee was awarded an absolute divorce from appellant by the Greene County Chancery Court, and in the decree the determination of property rights of the parties was expressly reserved for future adjudication. Thereafter a stipulation was filed in which the facts of the case were agreed to. It reads as follows:

"That the plaintiff and the defendant were married in Greene County, Arkansas, on December 11, 1917, and lived together as husband and wife until the 3d day of April, 1923, when the defendant deserted the plaintiff, and they never lived together thereafter; that on the 27th day of August, 1932, in a cause wherein Prudence Stone was plaintiff, and H. T. Stone was defendant, a decree of divorce was granted to the plaintiff on the grounds of desertion, occurring prior to the adjudication of insanity.

"That on April 24, 1923, the defendant, H. T. Stone, was adjudicated insane by a court of competent jurisdiction in Greene County, Arkansas, and that he was incarcerated, and is now incarcerated, in the Government Hospital at North Little Rock, Arkansas, and that H. R. Partlow is the duly appointed, qualified and acting guardian of H. T. Stone, incompetent.

"That H. T. Stone is the owner in fee simple, as an estate of inheritance, of the following lands in Greene County, Arkansas, to-wit: The southwest quarter of the northeast quarter and the northeast quarter of the southeast quarter of section 14, township 18 north, range 6 east, containing 80 acres, more or less.

"It is further agreed that, in addition to the lands hereinbefore described, that there has been paid to the guardian of H. T. Stone the sum of one hundred dollars per month, in the way of compensation, by reason of the

said H. T. Stone being a World War veteran, and by reason of his rendering military service in the World War, and that the said H. R. Partlow, as guardian of H. T. Stone, has in his possession, and to his credit, money and other mortgage securities in the approximate amount of twelve hundred dollars, the last-named sum being exclusively derived from payment made by the United States Veterans' Bureau.

"It is further agreed that the said Prudence Stone has drawn the statutory amount of thirty dollars per month by reason of being the wife of H. T. Stone, and by reason of living separate and apart from her husband; that said payments were paid to her up to and including the date of her divorce, which was granted on the 27th day of August, 1932; that, in addition to the thirty dollars per month payments as hereinbefore mentioned, the guardian, by order of the court, has paid her an additional sum of one hundred thirty dollars.

"It is further agreed by and between the attorneys herein that the decree of divorce has been properly granted, the sole question being the proper division of the property."

Thus it will be seen that no question is presented in reference to the validity or invalidity of the divorce decree between the parties. Therefore, we decide the question here presented, assuming, for the purpose of this case only, that the decree is valid, and expressly reserving the question of the validity or invalidity of the divorce decree when properly presented.

It appears from the agreed statement that, on August 27, 1932, the date of the divorce decree, that appellant's guardian had, in cash and other personal securities, the sum of $1,200, which sums had accrued to him solely by reason of his pension from the United States Government. The trial court awarded appellee $400, or one-third of these securities, as her dower interest in appellant's personal property. Was this error? Section 3511 of Crawford & Moses' Digest, in part, provides: "* * * and the wife so granted a divorce against the husband shall be entitled to one-third of the husband's personal property absolutely, and one-third of all the lands whereof

her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal, to which such wife is entitled." * * *

If the moneys and securities in appellant's possession are his property, and were on the date of the divorce. decree, then, under the plain provision of the statute quoted, *supra,* appellee was entitled to one-third thereof upon being awarded a divorce.

Appellant's first contention is, however, that the money received from the United States Government by him as a pension did not belong to him as his property in contemplation of § 3511 of Crawford & Moses' Digest, because, as it is said, the United States Government has, and holds, a superintending control over all said funds. The Supreme Court of the United States has definitely decided this question adversely to appellant's contention. In *Spencer v. Smith,* 288 U. S. 430, 53 S. Ct. 415, the court said: "War risk insurance and disability compensation paid by Government to guardian of war veteran and deposited in bank was not entitled to priority upon bank's insolvency as 'debt due United States,' within Revised Statute 3466 (31 USCA, § 191), because the guardian appointed by the State court was not an agent or instrumentality of the United States and payment to the guardian vested title in the ward, and operated to discharge the obligation of the United States in respect of such installments."

Appellant next insists that, since appellee received thirty dollars per month for some years as her apportionment of her husband's gratuity from the United States Government, this must be construed as in lieu of statutory dower. No authority is cited supporting this contention, and we cannot agree thereto. The duty and responsibility rested upon appellant to support and maintain his wife during coverture, and the mere fact that he performs this duty in no wise extinguishes her right of dower. This award by the Federal Government

was for no purpose other than support and maintenance during the disability of appellant.

The last insistence is, that the award to appellee of $400 in specific personal property by the chancery court creates the relationship of debtor and creditor between appellee and appellant, and that therefore, under § 22 of the World War Veterans' Act ( 38 USCA), the same is exempted to him.

It is true, we decided in *Wilson* v. *Sawyer,* 177 Ark. 492, 6 S. W. (2d) 825, that money paid to a guardian of a World's War veteran by the United States Government was not subject to garnishment, either in the hands of the guardian or the hands of the veteran, but this holding has no application to the facts in this case.

Under the plain terms of § 3511, Crawford & Moses' Digest, *supra,* no money judgment is or should be awarded the wife against the husband, but, on the contrary, the court determines the specific personal property owned by the husband at the time of the divorce and directs one third thereof to be delivered to the wife. This, in effect, is the mandate of the order here complained of. It does not create the relationship of creditor or debtor, but, on the contrary, is a specific partition of property owned by the parties during coverture. The interest the wife takes in her husband's property, under § 3511, Crawford & Moses' Digest, *supra,* is analogous to that of common-law dower in real estate. The wife takes common-law dower, not by virtue of any contract, but by the mandate of the law. 9 R. C. L., § 5, p. 563.

This record discloses that the trial court awarded appellee's attorney a fee of one hundred dollars, to be paid out of appellant's remaining interest in the funds derived from the United States Government, as a pension. This was error. The relationship of debtor and creditor does exist between appellee and appellant in so far as this attorney's fee is concerned, and comes within the exemption as pronounced in *Wilson* v. *Sawyer, supra.*

For the reasons aforesaid, the decree of the trial court will be modified by eliminating the $100 attorney's fee, and, as thus modified, will be affirmed.

SMITH, J., dissents.