FORD v. HARRINGTON.

4-3411

Opinion delivered April 9, 1934.

*Partlow & Rhine*, for appellant.

KIRBY, J. The sole question for determination here is whether lands in Arkansas purchased with money paid by the United States Government to World War veterans as adjusted service compensation or bonus are subject to taxation.

The section of the United States statute (§ 454, title 38, USCA) upon which the claim is based reads as follows: "The compensation, insurance and maintenance and support allowance payable under parts II, III, IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under parts II, III or IV; and shall be exempt from all taxation. Such compensation, insurance and maintenance and support allowance shall be subject to any claims which the United States may have, under parts I, III, IV and V against the person on whose account the compensation, insurance or maintenance and support allowance is payable."

In *Wilson* v. *Sawyer*, 177 Ark. 492, 6 S. W. (2d) 825, this court held that money paid to a disabled soldier under guardianship by virtue of the World War Veterans' Act was not subject to garnishment whether in the hands of the soldier or his guardian.

In *Stone* v. *Stone*, 188 Ark. 622, it was held that the guardian of a war veteran, appointed by the State court, is not an agent or instrumentality of the United States; any payment to such guardian vested title in the ward discharging the obligation of the United States in respect to such installments. That money paid by the United States as a pension to the guardian of a war veteran, who had been adjudged incompetent, and by him deposited in the bank for his ward, was the property of the ward and subject to apportionment between the ward and his divorced wife under the provisions of our statute, the award to the wife of a portion of such money not creating the relationship of debtor and creditor within the meaning of the provisions of the Veterans' Act and was not exempt thereunder.

In *Spicer* v. *Smith*, 288 U. S. 430, it was held that compensation funds paid to World War veterans on deposit in a bank at the time of its insolvency were not entitled to priority "as debts due the United States" under § 191, title 31, USCA. That a guardian appointed by a State court for an insane World War veteran was not an agent or instrumentality of the United States, and pay-

ment to the guardian for such ward vested title to such funds in the ward.

The exact question raised by this appeal has already been determined by the United States Supreme Court in *Trotter* v. *Tennessee,* 290 U. S. 354, 54 Supreme Court Reporter, No. 3, page 138, where it was held that real estate purchased with compensation money was not exempt from taxation. The court there said: ''We think it very clear that there was an end to the exemption when they lost the quality of moneys and were converted into lands and buildings. The statute speaks of 'compensation, insurance and maintenance and support allowance payable' to the veteran, and declares that these shall be exempt. We see no token of a purpose to extend a like immunity to permanent investments or the fruits of business enterprises. Veterans who choose to trade in land or in merchandise, in bonds or in shares of stock, must pay their tribute to the State. If immunity is to be theirs, the statute conceding it must speak in clearer terms than the one before us here.''

It thus appears from the above decision of the United States Supreme Court that the exemption does not follow the compensation money after its investment in lands or other forms of securities, nor relieve the owner from regular taxation thereon. The decree is affirmed.