MORGAN *v.* MORGAN.

4-4449

Opinion delivered January 18, 1937.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.
*Ivy W. Crawford,* for appellee.

GRIFFIN SMITH, C. J. For reversal of that portion of a decree of divorce adjusting property rights and granting an additional sum of money to appellee on her cross-complaint, appellant urges that there was failure to

comply with § 3511 of Crawford & Moses' Digest, which directs that "every such final order or judgment shall designate the specific property, both real and personal, to which such wife is entitled."

Appellant and appellee were married in 1928, and lived together until December, 1934. Prior to actual separation their relationship had become incompatible. These differences became acute when appellee went into a safe and appropriated to her own use more than $1,000 in currency deposited there by her husband.

The chancellor found that acts of cruelty and indignities alleged by appellee in her cross-complaint were sustained by proof, and entitled her to a divorce. From this determination there is no appeal.

Although a number of witnesses were used, the chancellor had to rely principally upon testimony given by the litigants, and this is in sharp conflict.

Appellant, prior to the date of separation, had purchased music machines which were in operation at various places. He periodically supplied new records, and made frequent trips to check up and collect the coins deposited by customers. He said that in December, 1934, he owned outright, or had an equity in, 25 or 30 such machines which cost around $200 each, down payments being 15 per cent.; that of this number, 12 were owned free of debt, but had since been sold; that six new machines had been purchased; that at the time the case was heard he had 24 machines, on which he owed $2,300, and these were not worth $100 apiece.

Appellant testified that at the time of his marriage he owned the fixtures in a pool hall, against which there was an indebtedness of $450, and that the property had been sold for $1,400, and the equity applied on his debts; also, that he owned an equity in an automobile. He said that payments on his music machines amounted to $350 per month, and that his net earnings from 1929 to 1934, inclusive, had ranged from $20 per month in 1929 to $90 per month in 1934, with a monthly average of about $60. He had no income other than from the music machines. Presence of so large a sum of money in his safe was

explained by appellant with the statement that he had recently sold some cotton which had been held for nearly five years.

Appellant claimed to have paid taxes of $390 on the residence appellee owned at the time of marriage, which they had occupied, and asked that a lien be declared in his favor for such amount, and further alleged that appellee had taken furniture and household effects which cost him more than $500. There was testimony as to other assets of small value. Appellant was asked whether he would have anything left "if all his debts were paid, and all his machines were paid for," and replied that he would probably still owe about $4,000.

Appellee testified that at the time of her marriage she was working, and it was agreed that she should continue with her job; that she owned the home, which was fully paid for; that her mother lived with her and her husband while they were together, and kept house; that instead of getting $1,560 from the safe, she took an envelope containing $1,000, also, some loose bills amounting to $60 to $100, and left $260 in nickels; that she kept $15 paid by one of her husband's debtors on a note; that after domestic troubles arose appellant found her purse and took $10 of her salary; that she owned her own car; that since marriage some articles of household effects had been traded in and new ones acquired; that as to specific items of this class which appellant claimed to have bought, she supplied part of the purchase price; that at the time of separation her husband had 20 Wurlitzer machines on which he had paid $1,000, plus $200 freight; that she counted notes he had paid, amounting to $3,735; that the wholesale price of these machines was around $300 each, and that he had other machines, etc. Also, that he owned the billiard hall, and had told her it was worth $2,500. In addition, he had a car on which $700 had been paid; over $1,000 in notes, which she itemized; a five-carat diamond ring he claimed was worth $3,500; that he had a money bag with $500 in it, and $75 in his pocket. All told, appellant had around

$16,000 worth of property, and his machines had brought in from $400 to $1,500 per month.

The chancellor found that appellant was the owner of personal property of the value of $7,500; that it was of such character that it could not be divided in kind; that household goods and moneys in possession of appellee amounted to $2,000, which she should retain, and that she was further entitled to $500, all of which would constitute one-third of the personal property of appellant.

In addition to urging the assignment of error heretofore referred to, it is contended by appellant that the proof did not support the findings of the chancellor.

In *Stone* v. *Stone,* 188 Ark. 622, 67 S. W. (2d) 189, appellee had been awarded $400, this being one-third of $1,200 in the hands of appellant arising through payments made by the U. S. Veterans' Bureau. The court said: "Under the plain terms of § 3511, Crawford & Moses' Digest, no money judgment is or should be awarded the wife against the husband, but, on the contrary, the court determines the specific personal property owned by the husband at the time of the divorce and directs one-third thereof to be delivered to the wife. This, in effect, is the mandate of the order here complained of. It does not create the relationship of creditor and debtor, but, on the contrary, is a specific partition of property owned by the parties during coverture."

In the case now under review it is shown that appellant, after he separated from his wife, disposed of a great deal of property and received payment therefor. It is, also, in evidence that he had more than $500 in cash on the date of separation. The specific property arbitrarily appropriated by appellee, including money, was set out in the proof with sufficient certainty, and the effect of the decree is to permit each party to retain specific property. It is true that the decree gave judgment against appellant for $500, but this was apparently treated as an apportionment of money.

The findings of the chancellor are not against the weight of evidence, nor is the effect of the decree con-

458

trary to the provisions of § 3511 of Crawford & Moses' Digest. It is, therefore, affirmed.