[Civ. No. 17289.   Second Dist., Div. Two.   Dec. 11, 1950.]

PATRICIA CARBALLO, Respondent, v. GERTRUDE MAY McFANN et al., Appellants.

Walter H. Young for Appellants.

Ernest A. Tolin, United States Attorney, Clyde C. Downing and Robert Komins, Assistant United States Attorneys, Amici Curiae on behalf of Appellants.

Pollock & Pollock, Edward I. Pollock and David Pollock for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial without a jury in an action to impose a constructive trust upon the proceeds of a National Service Life Insurance policy in the hands of the mother of decedent, defendants appeal.

*Facts:* Sergeant Paul W. McFann and plaintiff were married October 15, 1942. On January 26, 1944, Sergeant McFann applied for and obtained a policy of National Service Life Insurance in the sum of $10,000 naming his mother, defendant Gertrude McFann, as beneficiary thereof.

About September 10, 1944, Sergeant McFann was reported missing in action, and was declared officially dead by the war department as of September 10, 1944, and the government as of this date commenced paying defendant Gertrude McFann under the terms of the policy the sum of $46.80 per month. The premiums on the policy of approximately $6.70 per month had been deducted from his monthly salary as a sergeant pursuant to his directions.

The trial court decreed that plaintiff was entitled to one-half of the proceeds of the policy on the theory that the premiums paid for the life insurance were community property, hence the proceeds were community property and plaintiff was entitled to one-half thereof.

■ *Questions:* First: *Did Congress in enacting the National Service Life Insurance Act in 1940 intend the act to exclusively occupy the field, and therefore intend it to be supreme, state laws to the contrary notwithstanding?*

This question must be answered in the affirmative. The National Service Life Insurance Act provides that the insured "shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], . . . and

shall . . ., at all times have the right to change the beneficiary or beneficiaries. . . ." (38 USCA § 802(g), FCA Title 38, § 802(g).)

The Supreme Court of the United States in *Wissner* v. *Wissner*, 338 U.S. 655 [70 S.Ct. 398, 94 L.Ed. 424, 428], has held in a case squarely in point; though under state community property law the widow of a serviceman would be entitled to half of the proceeds of a nongovernmental life insurance policy, she has no such claim against those whom he has named beneficiaries under the National Service Life Insurance Act. Such an application of the state community property law would conflict with the express provisions of the act which gives the insured the right to designate and change beneficiaries and provides that no person shall have a vested right in the proceeds of such insurance.

In view of this decision of the Supreme Court of the United States, California cases relied on by plaintiff indicating a contrary holding were overruled and are not now applicable to the facts of this case.

■ Second: *Was the trial court correct in decreeing that defendant Gertrude McFann held one-half of the proceeds of the life insurance policy which she received in trust for plaintiff?*

This question must be answered in the negative. Section 2215, Civil Code, classifies a trust as either (1) voluntary or (2) involuntary. Section 2216, Civil Code, says, "A voluntary trust is an obligation arising out of a personal confidence reposed in, and voluntarily accepted by, one for the benefit of another." Clearly in the instant case there is no voluntary or express trust involved.

An involuntary trust is one that arises by operation of law because of some wrongful act. (Civ. Code, §§ 2223, 2224.) In the instant case no wrongful act has been shown upon the part of anyone. Therefore there could not be an involuntary trust.

Sergeant McFann was accorded the privilege by the national government of designating the beneficiary of his life insurance policy issued pursuant to the National Service Life Insurance Act without obtaining the consent of anyone. Clearly such act on his part was not wrongful.

The judgment is reversed with directions to the trial court to render a judgment in favor of defendants.

Moore, P. J., and Wilson, J., concurred.