283 P.2d 298]

[Civ. No. 16394.   First Dist., Div. Two.   May 16, 1955.]

Estate of MANIE C. PERRYMAN, Deceased.   J. M. PERRYMAN et al., Appellants, v. HELEN H. TONKIN, as Executrix, etc., Respondent.

Thomas B. Richardson and Donald O. May for Appellants.

Edwin S. Pillsbury and David C. Dunlap for Respondent.

DRAPER, J. pro tem.*—Decedent was a federal employee subject to the Civil Service Retirement Act (5 U.S.C.A. § 691 et seq.). After marriage, he contributed to the retirement fund provided for by that act. Upon his death, monthly payments from the fund were made to his widow. At her death, this annuity had not exhausted the contributions made to the fund by decedent during his lifetime, and the amount remaining was paid by the United States to the administrator of the husband's estate. There are no other assets of the estate. The husband was not survived by children or parents.

Respondent, executrix of the widow's will, asserts that the fund is community property and claims all under Probate Code, section 201. Appellants are brothers and sister of decedent. They contend that the fund is separate property of decedent, and, under Probate Code, section 223, should be distributed half to them and half to respondent.

The probate court determined that the whole fund should go to respondent.

Appellants rely upon *Wissner* v. *Wissner*, 338 U.S. 655 [70 S.Ct. 398, 94 L.Ed. 424], which holds that the proceeds of a national service life insurance policy should be distributed to the named beneficiary thereof, as provided in the act of Congress establishing such insurance, despite the conflicting claims of the surviving widow under the community property law of California. To the same effect is *Carballo* v. *Mc-Fann*, 101 Cal.App.2d 93 [224 P.2d 902].

The rule of these cases is that the act of Congress prevails over conflicting state law in a field properly within the jurisdiction of the United States and to the extent that this field is occupied by the federal law. There the federal act specifically provided that payment of federal funds should be made to particular persons, and the cited decisions hold only that state statutes cannot contravene these clear directions.

Appellants also cite *Davies* v. *Beach*, 74 Cal.App.2d 304 [168 P.2d 452] and *Conrad* v. *Conrad*, 66 Cal.App.2d 280 [152 P.2d 221]. These cases hold that claims of the estate of the deceased owner of a United States savings bond can-

---

*Assigned by Chairman of Judicial Council.

not prevail over the rights of one named in the bond as co-owner or designated on its face to receive its proceeds upon the death of the owner. There the federal statute authorizing issuance of the bonds provided for payment only to the owner or named beneficiary. Those decisions are not in point here. Certainly they afford no support for any contention that our law of community property cannot apply to funds derived from federal agencies. In no view do they hold more than that specific federal statutes in a wholly federal field prevail over state law.

In the present case, there is no conflict between state and federal law. Provision is made in 5 U.S.C.A., sections 724 (g) (3) and 724 (e) (2) for payment of the balance of the deceased employee's retirement fund contributions remaining at the date of death of the annuitant (in this case the widow of decedent). The statute provides for payment of this sum:

"First, to the beneficiary . . . designated by a writing . . . ;

"Second, if there be no such beneficiary, to the widow . . . of such . . . employee;

"Third, if none of the above, to the child or children of such . . . employee . . . ;

"Fourth, if none of the above, to the parents of such . . . employee or the survivor of them;

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such . . . employee."

Here there was no survivor qualified to take under any of the first four subdivisions of the section, and the money was paid to the administrator of the estate of the deceased employee.

Nothing in the act indicates any intent of Congress to restrict distribution of the fund by the administrator to whom it is paid. Lacking such provision, there is no room for application of the decisions cited by appellants, and no reason against distribution under the state law of succession.

Under California law, decedent's interest in the retirement fund is community property. (*Crossan* v. *Crossan*, 35 Cal.App.2d 39 [94 P.2d 609].) Thus respondent executrix is entitled to distribution of the whole estate.

Decree of distribution affirmed.

Nourse, P. J., and Kaufman, J., concurred.