KAUFMAN, P. J.
This is an appeal from a judgment in an action to impress a trust upon the proceeds of a National Service Life Insurance policy, and said action was filed by the plaintiffs, the daughter and son, respectively, of the deceased Winston James Sehrt, against their paternal grandparents, Lowell 0. and Alice G. Sehrt, who were the beneficiaries *168 named in the policy, and by plaintiff Maureen Y. Guffey. The appeal is from a judgment entered on October 10, 1958, in favor of the defendants entered on an order sustaining a general demurrer to the plaintiffs’ first cause of action, without leave to amend. The only issue on appeal is whether the plaintiffs’ first cause of action is barred by the applicable provisions of title 38 of the United States Code, then in effect.[1]
The plaintiffs alleged in their first cause of action that their mother and Winston James Sehrt were married on November 16, 1946, and that they were the lawful issue of this marriage; that on or about April 5, 1956, their parents entered into a written property settlement agreement whereby Winston James Sehrt promised to make and keep the-plaintiffs as beneficiaries of a paid-up $10,000 National Service Life Insurance policy on his life; and that the purpose and intent of the property settlement agreement was to provide for the support and care of the minor plaintiffs in the event of the death of their father and also to take care of his concurrent duty to support them. This property settlement agreement was approved and confirmed and made part of an interlocutory decree of divorce between their parents, granted about May 11, 1956, and further approved and confirmed and made part of a final decree of divorce on or about May 15, 1957. On October 8, 1957, Winston James Sehrt died. At that time, the respondents were the designated beneficiaries of the $10,000 National" Service Life Insurance policy and this amount was paid to them; and that at this time they did not give any consideration for their designation as beneficiaries and received the $10,000 with full knowledge of the rights of the plaintiffs therein.
The court’s order sustaining the demurrer reads in part as follows:
“As to the first cause of action, the Court is of the opinion that under the Wissner ease, and also Kaufman v. Kaufman, 93 Cal.App.2d 808 [210 P.2d 29], the general demurrer should be sustained, without leave to amend.
“Plaintiffs have now alleged three times the same matters in the first cause of action and therefore have indicated no disposition whatever to amend the first cause of action.
“The Court is of the opinion that there is no way that the minor plaintiffs can bring themselves within any exceptions to *169 the provisions of Section 38 U.S.C.A., Section 3001.
“The minor plaintiffs here are not seeking to enforce an obligation of support which the decedent owed them. His obligation to support the minor plaintiffs terminated with his death. He was not under any legal obligation to provide insurance for his minor children after his death. The property settlement agreement is in effect an assignment of the proceeds of the insurance policy, no more, no less, and as said in Kaufman v. Kaufman, supra, page 814: ‘and is therefore not enforceable against the defendant beneficiary. ’ The children acquired no vested rights whatever in the proceeds of the insurance policy.
“The Court is of the opinion that the general demurrer to the first cause of action should be sustained, without leave to amend. ’'
On appeal, the plaintiffs argue that the above interpretation is erroneous because: (1) The Kauffman ease is distinguishable on its facts and was decided prior to Wissner v. Wissner, 338 U.S. 655 [70 S.Ct. 398, 94 L.Ed. 424]; (2) Their claim to support falls within the “higher duty” exception of former section 454a of title 38 U.S.C.A. There is no merit in these arguments.
At the time relevant here, the applicable statutory provisions were sections 454a and 816 of title 38 U.S.C.A. (1954 ed.) [In the subsequent revision, these provisions were incorporated into sections 3101, 718 and 788 of title 38 U.S.C.A. (1959 ed.).] The provisions here pertinent are as follows:
Former section 454a of title 38 U.S.C.A. (1954 ed.) provided: “Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans . . . shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary . . .” [Emphasis supplied.]
Former section 816 of title 38 U.S.C.A. (1954 ed.) provided as far as relevant:
“The provisions of sections 101-104, 131-134, 450, 454a, and 556a of this title, insofar as they are applicable, shall apply to the provisions of this subchapter: Provided, That assignments of all or any part of the beneficiary’s interest may be made by a designated beneficiary to a widow, widower, child, father, mother, grandfather, grandmother, brother, or *170 sister of the insured, when the designated contingent beneficiary, if any, joins the" beneficiary in the assignment, and if the assignment is delivered to the Veterans’ Administration before any payments of the insurance shall have been made to the beneficiary ...”
Both sides here concede that the leading case in point in the interpretation of the above provisions in this state is Kauffman v. Kauffman, 93 Cal.App.2d 808 [210 P.2d 29], decided in 1949 in the Fourth Appellate District. In that case, the plaintiffs, the son and daughter of a deceased veteran sought to impress a trust on the proceeds of a United States War Bisk Insurance Policy,[2] which had been distributed to the named beneficiary, their stepmother and the second wife of the deceased. The trial court found that the deceased and his first wife had previously entered into a property settlement agreement which provided that the first wife should continue as the beneficiary of the policy until the final decree of divorce; after the final decree of divorce, the plaintiffs were to be entered as beneficiaries. A final decree of divorce was entered and the deceased (who had by that time married the second wife), changed the policy to provide that the second wife should be the sole beneficiary. On the death of the veteran, the government paid the proceeds of the policy to the second wife and the action was filed. In affirming the judgment in favor of the defendant-second wife, the court said at page 814:
"We conclude that the property settlement agreement was an assignment of the proceeds of the policy in question (Chilwell v. Ghilwell, 40 Cal.App.2d 550, 553 [105 P.2d 122]); that such an assignment is prohibited by the terms of the federal statute (§ 454a, supra) and is therefore not enforceable against the defendant beneficiary. (Lewis v. United States, 56 F.2d 563; Von Der Lippi-Lipski v. United States, 4 F.2d 168 [55 App. D.C. 202]; Bradley v. United States, 143 F.2d 573; Tomkins v. Tomkins, 132 N.J.L. 217 [38 A.2d 890]; Yoke v. Yake, 170 Md. 75 [183 A. 555]; Robertson v. McSpadden, 46 F.2d 702; United States v. Williams, 302 U.S. 46, 50 [58 S.Ct. 81, 82L.Ed 39].)
"The provision in section 454a that the payments and benefits due or to become due are exempt from taxation and the *171 claims of creditors, and are not subject to legal or equitable process indicates that Congress intended to control the title to such payments and benefits both before and after payment. This control and the provisions of the section have been recognized and enforced. (Barton v. United States, 75 F.Supp. 703, 705; Carrier v. Bryant, 306 U.S. 545, 548 [59 S.Ct. 707, 83 L.Ed. 976].)”
Plaintiffs’ first argument here is that the above is not controlling because it was decided before Wissner v. Wissner, 338 U.S. 655 [70 S.Ct. 398, 94 L.Ed. 424], In that case, the policyholder had named his mother as the beneficiary of his National Service Life Insurance policy. The accrued premiums were assumed to have been paid with community funds, and on the death of the insured, his widow sought to recover one-half of the proceeds of the policy. The California courts held (Wissner v. Wissner (1949), 89 Cal.App.2d 759, 764-770 [201 P.2d 837])[3] that as the premiums were paid from community funds in which the widow had a vested one-half interest, the federal government had no power to provide by section 454a that payments made to a beneficiary of a National Service Life Insurance policy were to be exempt from the claims of the widow of the deceased insured to the right vested in her under the laws of this state after their receipt by the beneficiary and that such a provision would constitute the *172 taking of private property without due process of law in violation of the United States Constitution.
In reversing the California court, the Supreme Court of the United States pointed out that the widow made no claims for premiums but sought the proceeds of the policy, and it was unnecessary to decide whether California was entitled to call army pay community property. The court further declared at pages 658 and 659 :
"We are of the opinion that the decision below was incorrect. The National Service Life Insurance Act is the congressional mode of affording a uniform and comprehensive system of life insurance for members and veterans of the armed forces of the United States. A liberal policy toward the serviceman and his named beneficiary is everywhere evident in the comprehensive statutory plan. Premiums are very low and are waived during the insured’s disability ■ costs of administration are borne by the United States; liabilities may be discharged out of congressional appropriations.
"The controlling section of the Act provides that the insured ‘shall have the right to designate the beneficiary or beneficiaries of the insurance [within a designated class], . . . and shall ... at all times have the right to change the beneficiary or beneficiaries.. . .’ 38 U.S.C. § 802(g), 38 U.S.C.A. § 802(g). Thus Congress has spoken with force and clarity in directing that the proceeds belong to the named beneficiary and no other. Pursuant to the congressional command, the Government contracted to pay the insurance to the insured’s choice. He chose his mother. It is plain to us that the judgment of the lower court, as to one-half of the proceeds, substitutes the widow for the mother, who was the beneficiary Congress directed shall receive the insurance money. We do not share appellee’s discovery of congressional purpose that widows in community property states participate in the payments under the policy, contrary to the express direction of the insured. Whether directed at the very money received from the Government or an equivalent amount, the judgment below nullifies the soldier’s choice and frustrates the deliberate purpose of Congress. It cannot stand.”
The above rule has been consistently followed since. (See for example, Estate of Perryman, 133 Cal.App.2d 1 [283 P.2d 298].) Kaske v. Rothert (1955, D.C. Cal.), 133 F.Supp. 427, is particularly pertinent here. In that ease, the court following Kauffman v. Kaufman, supra, held that a property settlement agreement in which a deceased veteran had prom *173 ised to name his children as beneficiaries of his National Service Life Insurance policy, was at best an assignment prohibited by 38 U.S.C.A., section 454a.
The court then distinguished as follows the very cases upon which the plaintiffs here rely:
“We recognize that some courts have ruled that this and similar exemptions relating to pensions and veterans’ relief do not apply when alimony or the support of wife or children is in issue. See Schlaefer v. Schlaefer, 1940, 71 App.D.C. 350, 112 F.2d 177, 130 A.L.R 1014; Tully v. Tully, 1893, 159 Mass. 91, 34 N.E. 79; Hodson v. New York City Employees’ Retirement System, 1935, 243 App.Div. 480, 278 N.Y.S. 16; In re Guardianship of Bagndll, 1947, 238 Iowa 905, 29 N.W.2d 597, and cases therein cited. But of. Brewer v. Brewer, 1933, 19 Tenn.App. 209, 84 S.W.2d 1022, 1040. We shall not attempt to epitomize a legal system at least as ancient as the customs of the Visigoths, but we must note that the community property principle rests upon something more than the moral obligation of supporting spouse and children: the business relationship of man and wife for their mutual monetary profit. See de Funiak, Community Property, § 11 (1943). Venerable and worthy as this community is, it is not, we think, as likely to justify an exception to the congressional language as specific judicial recognition of particular needs, in the alimony and support cases. Our view of those cases, whatever it may be, is irrelevant here. Further, Congress has provided in the National Service Life Insurance Act that the chosen beneficiary of the life insurance policy shall be, during life, the sole owner of the proceeds. ’ ’
In relying on the above cases and In re Flanagan, 31 F. Supp. 402; In re Gardner, 220 Wis. 493 [264 N.W. 643]; Pislme v. Pishue, 32 Wn.2d 750 [203 P.2d 1070] ; In re Delano’s Guardianship, 114 N.Y.S.2d 183; Stone v. Stone, 188 Ark. 622 [67 S.W.2d 189]; Stirgus v. Stirgus, 172 Miss. 337 [160 So. 285]; Hollis v. Bryan, 166 Miss. 874 [143 So. 687]; Gaskins v. Security-First Nat. Bank, 30 Cal.App.2d 409 [86 P.2d 681]; Estate of Allie, 50 Cal.2d 794 [329 P.2d 903], plaintiffs here argue that the deceased could not divest himself of his support obligations to the plaintiffs by making the defendants his beneficiaries. This argument ignores the fact that in each ease in which the courts have allowed the respective plaintiffs to reach the proceeds of veteran’s benefits, there existed a duty or obligation on the part of the vet *174 eran apart from any purported or attempted assignment of the benefits.
Gaskins v. Security-First Nat. Bank, 30 Cal.App.2d 409 [86 P.2d 681], is also no exception. In that case, the plaintiff guardian was successful in recovering from the veteran’s estate monies advanced for the care and maintenance of the beneficiary’s minor children. The Allie ease involved an entirely different situation. The beneficiary of the policy had collected the benefits of the policy immune from legal process. He then died without having made any testamentary disposition of the benefits. The court held that since the beneficiary was silent as to the disposition of benefits on his death and the insured had been silent as to possible contingent beneficiaries, the benefits could pass according to the provisions of sections 228 and 229 of the Probate Code, without doing any violence whatsoever to the “full and complete protection of the insured and beneficiary so established by the federal court in the Wissner decision.” (Estate of Allie, 50 Cal.2d 794, 800 [329 P.2d 903].)
In the instant ease, as succinctly pointed out by the trial court, the obligation of the plaintiffs’ father to support them terminated with his death.
In view of the foregoing, the judgment of the trial court must be affirmed.
Judgment affirmed.
Draper, J., and Good, J. pro tem.,* concurred.
A petition for a rehearing was denied April 22, 1960.

Title 38 was completely revised and .renumbered by Public Law 85-857, effective January 1, 1959.

The relevant provisions of War Risk Insurance Act of World War I are identical with the National Service Life Insurance Act of World War II. (Van Doren v. United States (1946, D.C. Cal.), 68 E.Supp. 222; Bradley v. United States (1944, C.C.A. 10th Okla.), 143 I\2d 573 (cert, denied 1945), 323 U.S. 793 [65 S.Ct. 429, 89 L.Ed. 632].) (See also 2 A.L.R.2d 489 at 491 et seq.)

The court in the Kauffman ease distinguished this stage of the Wissner ease as follows:
“We are not dealing here with such a situation as was presented in Wissner v. Wissner, 89 Cal.App.2d 759 [201 P.2d 837], In that ease the widow of the insured claimed a right to one-half of the proceeds of a national service insurance policy as against the named beneficiaries on the basis that all of the insurance premiums were paid with community earnings or funds. It was there held that the wife had a vested interest under the community property laws of this state and that she was therefore entitled to one-half of the proceeds of the policy.
“In the instant case the record is silent as to the source of the premium payments. Such payments may have been made entirely from separate funds of the insured to and including the date of the property settlement agreement and thereafter from community funds of the insured and defendant herein. Plaintiffs’ action is based solely on a contract which under the findings and judgment is unenforceable.
“The trial court found that the right of plaintiffs to the proceeds of the insurance policy was not superior to that of defendant; that defendant is the beneficiary under the policy and is the owner of and entitled to keep any funds which have been or may hereafter be paid to her as such beneficiary. Where, as here, the appeal is upon the judgment roll alone, and the only question presented is whether the findings support the judgment, the findings must be given such construction as will uphold rather than defeat the judgment. (Oakley v. Rosen, 76 Cal.App.2d 310, 312 [173 P.2d 55]; Fitzpatrick v. Underwood, 17 Oal.2d 722, 728 [112 P.2d 3].) ”

 Assigned by Chairman of Judicial Council.