[Civ. No. 20608. First Dist., Div. Three. Mar. 22, 1963.]

Estate of ROBERT MAHORNEY, Deceased. CLYTHIAN MAHORNEY, as Administratrix, etc., Petitioner and Respondent, v. CARRIE LOUISE THRASHER, as Guardian, etc., Contestant and Appellant.

Donald P. McCullum for Contestant and Appellant.

Martin, Martin & Hillman and David J. Martin for Petioner and Respondent.

SALSMAN, J.—In 1942, the decedent Robert Mahorney, married Iomae Mahorney. They had two children. Iomae died in September 1956. On December 23, 1956 decedent married respondent, Clythian Mahorney. They had one child. Robert Mahorney died in 1959, and respondent was appointed administratrix of his estate. Decedent had been employed at the Alameda Naval Air Station, and in 1954 he was included under a federal employees' group life insurance policy. The decedent was covered by this policy while married to Iomae, and also after her death, while married to respondent Clythian. The decedent never designated any beneficiary to receive the proceeds of the policy, and upon his death the respondent received the proceeds in her individual capacity, and did not include them in her inventory of assets of the estate of the decedent.

The appellant, as guardian of decedent's children by his first wife, Iomae, filed exceptions to the account of respondent, seeking to have a portion of the proceeds of the insurance policy included in the decedent's estate and distributed in part to the issue of his first marriage, pursuant to California's statutes relating to succession. After a hearing the probate court found the insurance proceeds were the property of the respondent individually, and not a part of the estate of the decedent. This appeal questions the propriety of that order.

Title 5 United States Code Annotated, chapter 24, sections 2091 et seq. provide for federal employees' group life insurance. Section 2093 establishes an order for payment of death claims, and reads in part: "Any amount of group life insurance . . . in force on any employee at the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence: First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death; Second, if there be no such beneficiary, to the widow or widower of such employee; . . ."

 Appellant's principal contention is that a portion of the proceeds of decedent's insurance policy was his separate property and hence must be paid into his estate and distributed pursuant to those sections of the Probate Code relating to

succession. To support this view, appellant must necessarily contend that 5 United States Code Annotated, section 2093, *supra,* relating to payment of the proceeds of insurance policies of federal employees' group life insurance is not controlling, and that California law must be applied. This is not correct. Here we are dealing with the construction of a federal statute, and federal law must be applied. In *Sears* v. *Austin,* 292 F.2d 690, 694, the court said, in construing the statute here involved: "The construction of the federal statute is, in the first instance, a federal question. There is no well developed body of state law on the issue here presented, nor is there any overwhelming state interest that would suggest that here Congress intended that the courts look to the various states for the procedural rules to be applied in naming beneficiaries in federal insurance policies. In the interest of uniformity it is much better that the federal courts here develop a separate body of law rather than look to state law— and fifty different interpretations." The court then proceeded to lay down the rule that, under this statute, when the deceased has not made an affirmative designation of a beneficiary to receive the proceeds of his policy, it is the intention of the decedent which must control. In *Smith* v. *Metropolitan Life Ins. Co.,* 142 F.Supp. 320, where, as here, the insured had not designated a beneficiary, the court gave effect to the manifest intention of the insured and awarded judgment in favor of a previously divorced spouse on proof of the decedent's intention that she should have the proceeds of the policy. The court there said: "The importance of the intention of the insured, and the weight to be given to that intention, are continually emphasized in the authorities." (Citing numerous cases.) This same rule is applicable, and has often been applied in cases involving payments to be made pursuant to National Service Life Insurance. (See *Wissner* v. *Wissner,* 338 U.S. 655 [70 S.Ct. 398, 94 L.Ed. 424]; *Carballo* v. *McFann,* 101 Cal. App.2d 93 [224 P.2d 902]; *Batts* v. *United States,* 120 F.Supp. 26, 31.)

Here the trial court had before it the fact that the deceased had never designated any beneficiary to receive the proceeds of his federal employees' life insurance policy; that he discussed the insurance with his wife and told her in effect it was unnecessary for him to designate her as the beneficiary because upon his death the proceeds would be paid to her anyway. We interpret the trial court's finding that the proceeds of the policy "are the property of the administratrix in-

dividually, and are not a part of the estate of the decedent,'' to be a finding that the deceased intended that upon his death the proceeds of the policy be paid to the respondent individually, and therefore affirm the trial court's order.

Order affirmed.

Draper, P. J., and Devine, J., concurred.